# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

**Appeal No. 26-1254**

**AFRICAN COMMUNITIES TOGETHER; MARY DOE, on behalf of themselves and all others similarly situated; DAVID DOE, on behalf of themselves and all others similarly situated; PETER DOE; JACOB DOE, on behalf of themselves and all others similarly situated,**

**Plaintiffs-Appellees**

**v.**

**MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES,**

**Defendants-Appellants**

**JOINT MOTION TO HOLD APPEAL IN ABEYANCE PENDING U.S. SUPREME COURT RULING IN TPS CASES**

The parties respectfully move this Court to hold this appeal in abeyance pending the Supreme Court's forthcoming decisions in two cases challenging the terminations of Temporary Protected Status (TPS) for Syria and Haiti. *See Noem v. Dahlia Doe*, No. 25-1083 (U.S. Mar. 16, 2026); *Trump v. Miot*, No. 25-1084 (U.S. Mar. 16, 2026). An abeyance is warranted because the Supreme Court's rulings in those cases may clarify or narrow the issues presented in this case, such that an

1

abeyance will conserve the resources of the Court and the parties. As further support for this motion, the parties state the following:

1. On December 22, 2025, Plaintiffs-Appellees filed the complaint in the action underlying this appeal, challenging the Secretary of Homeland Security's termination of the TPS designation for South Sudan under the Administrative Procedure Act and the Fifth Amendment.

2. On February 12, 2026, the district court (Saris, J.) granted Plaintiffs-Appellees' motion to postpone the effective date for the termination of South Sudan's TPS designation.

3. This is Defendants-Appellants' appeal from the district court's order granting Plaintiffs-Appellees' motion to postpone. The Court has not yet set a briefing schedule.

4. The Court has "the power to stay proceedings," which flows from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

5. To that end, courts often hold proceedings in abeyance pending the resolution of another case when doing so may "narrow the issues in the pending case and assist in the determination of the questions of law involved." *Taunton Gardens*

2

*Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (citation modified) (quoting *Landis*, 299 U.S. at 253–54); *see also, e.g.*, *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995) (stating that one "typical reason" for staying a case is to wait for the outcome of another proceeding); *Bekele v. Lyft, Inc.*, 918 F.3d 181, 186 (1st Cir. 2019) (holding "appeal … in abeyance pending the Supreme Court's decision" in a parallel case); *Rhode Island v. Trump*, 155 F.4th 35, 43 (1st Cir. 2025) (abeyance warranted to await potential "guidance" from the Supreme Court).

6.      There is good cause for an abeyance here.   The Supreme Court has granted certiorari before judgment in two cases challenging the government's terminations of TPS for Syria and Haiti.   *See* Order Granting Cert., *Noem, et al. v. Dahlia Doe, et al.*, No. 25-1083, 2026 WL 731088, at *1 (U.S. Mar. 16, 2026); and Order Granting Cert., *Trump, et al. v. Miot, et al.*, No. 25-1084, 2026 WL 731087, at *1 (U.S. Mar. 16, 2026).   Argument before the Supreme Court was held on April 29, 2026.   Because these cases involve the same statutory scheme and some similar legal issues, it is possible that the Supreme Court's forthcoming decision may "narrow the issues in [this] case and assist in the determination of the question of law involved."   *Taunton Gardens*, 557 F.2d at 879 (citation modified).   Under the circumstances, an abeyance would conserve the resources of the Court and the parties.

7.     For similar reasons, on April 23, 2026, the district court granted the parties' joint motion to hold the proceedings before that court in abeyance pending the Supreme Court's decisions in the TPS cases.   Dkt. No. 85.

8.     The parties agree that the district court's postponement order will remain in effect while proceedings are held in abeyance.   The parties further propose that, if an abeyance is granted, the parties submit a joint status report within seven (7) days after the time for any motion for rehearing has expired in the Supreme Court, addressing their respective positions regarding appropriate next steps in this appeal.

For these reasons, the parties respectfully request that the Court grant this motion and hold this appeal in abeyance until the Supreme Court issues a ruling in the cases described above and the time for any motion for rehearing has expired.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   */s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

*/s/ Daniel G. Randolph*
Daniel G. Randolph

4

Stephen Petkis
Paul Killebrew
Mishi Jain
Matthew C. Quallen
Kristin M. Oakley
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
DRandolph@cov.com
SPetkis@cov.com
PKillebrew@cov.com
MJain@cov.com
MQuallen@cov.com
KOakley@cov.com

*/s/ Collin Poirot*
Collin Poirot
Abbey Rutherford
Nargis Aslami
MUSLIM ADVOCATES
1032 15th Street N.W. #362,
Washington, D.C. 20005
(202) 897-2622
Collin@muslimadvocates.org
Abbey@muslimadvocates.org
Nargis@muslimadvocates.org

<u>**Certificate of Service**</u>

I, Michael L. Fitzgerald, AUSA, hereby certify that on May 1, 2026, I electronically served a copy of the foregoing document on the following registered participants of the CM/ECF system:

Nargis Aslami
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-897-1895

Erik Matthew Crew
Haitian Bridge Alliance
Suite H
4560 Alvarado Canyon Rd
San Diego, CA 92120
949-603-7411

Michael E. Cunniff
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
212-841-1000

Golnaz Fakhimi
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-655-2969

Mishi Jain
Covington & Burling LLP
One CityCenter
850 10th St NW

6

Washington, DC 20001-4956
202-662-5669

Paul Killebrew
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5930

Abbey Rose Koenning Rutherford
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-897-2622

Sarah Leadem
Covington & Burling LLP
Salesforce Tower, 415 Mission Street
Ste 5400
San Francisco, CA 94105-2533
415-591-6021

Ayana Lindsey
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5776

Mark H Lynch
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5544

Kristin M. Oakley
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5464

Stephen Petkis
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5801

Collin Poirot
Muslim Advocates
1032 15th St NW, #362
Washington, DC 20005
202-897-2564

Matthew C. Quallen
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5813

Daniel G. Randolph
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5733

/s/ Michael L. Fitzgerald
MICHAEL L. FITZGERALD

8

Assistant U.S. Attorney