# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

**Appeal No. 26-1254**

**AFRICAN COMMUNITIES TOGETHER; MARY DOE, on behalf of themselves and all others similarly situated; DAVID DOE, on behalf of themselves and all others similarly situated; PETER DOE; JACOB DOE, on behalf of themselves and all others similarly situated,**

**Plaintiffs-Appellees**

**v.**

**MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES,**

**Defendants-Appellants**

**REPLY IN SUPPORT OF MOTION FOR STAY
AND SUMMARY REVERSAL**

**INTRODUCTION**

Plaintiffs-Appellees agree that "[t]he reasoning underlying" the district court's postponement order is "no longer valid" and that it "should be reversed." Resp. at 5. That concession is itself a fully sufficient basis to resolve this appeal. Accordingly, the Court should immediately reverse the district court's order and issue the mandate forthwith. Plaintiffs-Appellees ask the Court to wait 21 days to issue the mandate, but that request is unjustifiable here, where there is no prospect that Plaintiffs-Appellees would seek rehearing and the only purpose of the request is to delay the inevitable, subjecting the government to a concededly unlawful order without any basis for doing so. Waiting to issue the mandate would also unnecessarily delay the full return of the proceedings to the district court, which is waiting until the full resolution of this appeal to act on Plaintiffs-Appellees' requests for new relief.

If the Court does not issue its mandate forthwith, it should instead stay the district court's order pending appeal. Plaintiffs-Appellees agree that the government will succeed on the merits. And perpetuating the effects of an admittedly erroneous order that improperly restrains the government will necessarily inflict irreparable harm on the government.

1

Plaintiffs-Appellees insist that they will suffer harm if the termination of South Sudan's TPS designation takes effect before the district court resolves their forthcoming request for a new postponement order based on different claims. But the district court—not this Court—must consider the equities implicated by that new and forthcoming request in the first instance.

There is simply no valid reason to prolong the effect of an order that all agree is legally unjustified. Accordingly, the Court should immediately reverse the district court's order—as the parties agree—and issue the mandate forthwith. Alternatively, it should stay the district court's order pending the conclusion of this appeal, including issuance of the mandate.

## ARGUMENT

### I.      The Court should reject Plaintiffs-Appellees' request to delay issuing the mandate.

The Court has the power to issue the mandate immediately upon the filing of its disposition, and there is no sound reason to do otherwise here. *See* Fed. R. App. P. 41(b); *Long Term Care Pharmacy All. v. Ferguson*, 362 F.3d 50, 60 (1st Cir. 2004) ("The preliminary injunction is *vacated* and the matter *remanded* to the district court. The mandate will issue immediately."). The standard delay between the filing of an appellate court's disposition and the issuance of its mandate allows the losing party to review the disposition, determine whether to seek rehearing, and draft

2

and file a motion for panel or en banc rehearing if it wishes. *See* Fed. R. App. P. 41(b) (keying mandate timing to "the time to file a petition for rehearing" and resolution of any such petitions). If there is no reasonable prospect of the court granting rehearing and changing its mind, there is no basis to delay issuing the mandate. Accordingly, "[a] court may order immediate issuance of the mandate when 'satisfied (1) that [the] Court would not change its decision upon hearing, much less hear the case en banc, and (2) that there is no reasonable likelihood that the Supreme Court would grant review.'" *Johnson v. Bechtel Assocs. Pro. Corp., D.C.*, 801 F.2d 412, 415 (D.C. Cir. 1986) (citing *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978)).

Here, Plaintiffs-Appellees agree "that summary reversal of the postponement order and remand are warranted," Resp. at 1, making this an unusually clear case in which there is *no* prospect of the losing party even seeking—much less this Court or the Supreme Court granting—further review. The Court should therefore reverse the district court's postponement order and issue the mandate forthwith.

Plaintiffs-Appellees suggest that waiting to issue the mandate for 21 days would align with the Seventh Circuit's recent approach in a similar appeal of a district court order postponing the TPS designation of Burma. *See* Resp. at 7-8. But, in fact, the Seventh Circuit substantially *accelerated* the issuance of its mandate

3

so that it would issue on July 27, 2026—the same day that the Supreme Court's mandate in *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026), will issue. *See* July 16, 2026 Order at 2, *Aung Doe v. Markwayne Mullin*, No. 26-1294 (7th Cir. July 16, 2026). Accordingly, if the Court were inclined to follow the Seventh Circuit's approach, it should reverse the district court's order and issue its mandate no later than Monday.

The only reason that Plaintiffs-Appellees provide for delaying issuance of the mandate is to *prolong the effect* of the district court's current postponement order (which all agree should be reversed) while they ask the district court for a new postponement order. But to do so on that basis would require the Court to make a judgment about the equities implicated by this new and forthcoming request. And "that issue has not been briefed and is a matter for the district court in the first instance." *Long Term Care Pharmacy All.*, 362 F.3d at 60. Plaintiffs-Appellees' contention that they "remain eligible" to seek a *new* postponement order based on different claims, Resp. at 2, simply has no bearing on the amount of time that the *current* postponement order should remain in effect.

Finally, it bears noting that delaying issuance of the mandate would not result in what Plaintiffs-Appellees seek to accomplish. The district court previously denied (without prejudice to refiling) Plaintiffs' request for a new postponement

4

order on the basis that it "lacks jurisdiction" to consider such a request "because the case is on appeal."   D. 99.   Therefore, it does not appear that the district court will consider their request for a new postponement order until the appeal concludes—in other words, when the mandate issues.  *See United States v. Rush*, 738 F.2d 497, 509 (1st Cir. 1984) ("it is the date on which the mandate is issued which determines when the district court reacquires jurisdiction for further proceedings").   It would thus serve all parties' interests for the Court to reverse the district court's postponement order and issue the mandate forthwith.

## II.    Alternatively, the Court should stay the district court's postponement order pending issuance of the mandate.

At minimum, the Court should stay the district court's postponement order pending issuance of the mandate.   Plaintiffs-Appellees assert that, if the Court files a disposition reversing the district court's order, "no appeal will be pending," and thus no stay pending appeal will be necessary.   Resp. at 1.   But that is incorrect. As just discussed, an appeal remains pending until the mandate issues.  *See Rush*, 738 F.2d at 509.   And Plaintiffs-Appellees' response makes it clear beyond cavil that an immediate stay of the district court's postponement order is warranted.

A stay pending appeal is warranted when (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits," (2) "the applicant will be irreparably injured absent a stay," and (3) the public interest and balance of the

5

equities support a stay.  *Nken v. Holder*, 556 U.S. 418, 426 (2009).  As the Court has often emphasized, the first two factors "are the most critical."  *Gordon-Darby Holdings, Inc. v. Quinn*, 174 F.4th 255, 258 (1st Cir. 2026) (quotation marks and citation omitted).  These factors clearly warrant an immediate stay of the district court's postponement order.  *See Noor Doe v. Noem*, 2026 WL 2085662, at *3 (S.D.N.Y. July 20, 2026) (granting motion to stay order postponing TPS termination of Yemen based on the Supreme Court's decision in *Mullin*).

As to the first factor, there is now no doubt that the government will succeed on the merits.  Plaintiffs-Appellees *agree* that "[t]he reasoning underlying the current postponement order is ... no longer valid, and the district court's order should be reversed."  Resp. at 5.  Given that concession, the government could not be more likely to succeed.  The overwhelming certainty on this score weighs heavily in favor of granting a stay.  *See Rhode Island State Council of Churches v. Rollins*, 158 F.4th 304, 312 (1st Cir. 2025) ("The most important of the stay factors is the likelihood of success on the merits.") (quotation marks and citation omitted).

As to the second factor, there is similarly no reasonable dispute that the government will face irreparable injury absent a stay.  The perpetuation of an order that improperly restrains the government from enforcing its policies necessarily inflicts irreparable harm.  *See, e.g., Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025);

6

*INS v. Legalization Assistance Project of Los Angeles Cnty. Fed'n of Lab.*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers) (explaining that an "erroneous" injunction works an "improper intrusion by a federal court into the workings of a coordinate branch of the Government"). And there is now no dispute that the district court's order was erroneous and thus improperly restrains the government. Moreover, both the Supreme Court and the Ninth Circuit have previously recognized that the government would suffer irreparable harm if TPS terminations were not allowed to take effect by granting stays pending appeal. *See Noem v. Nat'l TPS Alliance*, 145 S. Ct. 2728 (2025) (*NTPSA I*); *Noem v. Nat'l TPS Alliance*, 146 S. Ct. 23, 24 (2025) (*NTPSA II*); *NTPSA v. Noem*, No. 25-4901 (9th Cir. Aug. 20, 2025); *NTPSA v. Noem*, No. 26-199 (9th Cir. Feb. 9, 2026).

Finally, the balance of the equities strongly supports a stay. This factor concerns the relative harms that the parties would face by virtue of staying or not staying *the order on appeal*. Yet, all of Plaintiffs-Appellees' asserted harms would flow from the operation of the TPS statute itself—not from staying the district court's postponement order, which they agree *should be reversed*. And insofar as they claim that they would suffer irreparable harm if the termination of South Sudan's TPS status takes effect pending consideration of their new and forthcoming postponement request, addressing that contention would require making a first-blush

7

judgment about the equities implicated by that new request—an inquiry properly directed to the district court in the first instance. Moreover, Plaintiffs-Appellees' claim that the "the equitable factors overwhelmingly favor" them, Resp. at 1, simply cannot be squared with the Supreme Court's two previous conclusions in substantially similar cases that the equities favored stays pending appeal. *NTPSA I*, 145 S. Ct. at 2728; *NTPSA II*, 146 S. Ct. at 24. And, regardless, "the strong showing that the Government has made on the merits overcomes any comparatively weaker showing with respect to the equities." *Noor Doe*, 2026 WL 2085662, at *3.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

LEAH B. FOLEY
United States Attorney

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH WELCH
Senior Counsel to the Assistant
Attorney General

By:  */s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

## Certificate of Service

I, Michael L. Fitzgerald, AUSA, hereby certify that on July 23, 2026, I electronically served a copy of the foregoing document on the following registered participants of the CM/ECF system:

Erik Matthew Crew
Haitian Bridge Alliance
Suite H
4560 Alvarado Canyon Rd
San Diego, CA 92120
949-603-7411

Michael E. Cunniff
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
212-841-1000

Golnaz Fakhimi
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-655-2969

Mishi Jain
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5669

Paul Killebrew
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956

202-662-5930

Abbey Rose Koenning Rutherford
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-897-2622

Sarah Leadem
Covington & Burling LLP
Salesforce Tower, 415 Mission Street
Ste 5400
San Francisco, CA 94105-2533
415-591-6021

Ayana Lindsey
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5776

Mark H Lynch
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5544

Kristin M. Oakley
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5464

Stephen Petkis

10

Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5801

Collin Poirot
Muslim Advocates
1032 15th St NW, #362
Washington, DC 20005
202-897-2564

Matthew C. Quallen
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5813

Daniel G. Randolph
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5733

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney
